# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

———————————

Nº 06-CV-6027 (JFB) (ARL)

———————————

THOMAS KEATING,

Plaintiff,

VERSUS

LEVITON MANUFACTURING CO., INC.,

Defendant.

———————————

ORDER ADOPTING REPORT AND RECOMMENDATION
January 30, 2009

———————————

JOSEPH F. BIANCO, District Judge:

Plaintiff Thomas Keating ("plaintiff") filed the complaint in the instant action on November 9, 2006 against Leviton Manufacturing Co., Inc. ("defendant"). The complaint asserts claims under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 201, *et seq.*, the New York State Labor Law, N.Y. LAB. LAW § 190 *et seq.*, the New York State Department of Labor Regulations ("NYDOL Regs"), 12 N.Y.C.R.R. § 142-2.2 for failure to pay overtime.

On July 28, 2008, counsel for plaintiff filed a suggestion of Thomas Keating's death. On August, 19, 2008, after the parties failed to appear before Magistrate Judge Lindsay for the final conference, Magistrate Judge Lindsay scheduled a telephone conference for November 2, 2008 to discuss the suggestion of death. The minutes of that conference indicate that "[p]laintiff's counsel reports that plaintiff's estate has not responded to repeated letters apprising the estate of this action." No motion for substitution has been made by plaintiff or his estate pursuant to Fed. R. Civ. P. 25(a)(1). On January 6, 2009 Magistrate Judge Lindsay issued a Report and Recommendation ("R&R"), which stated the following:

> When no motion for substitution has been made within ninety days after service of a statement noting the death of a party, the action must be dismissed. Given that the time has elapsed and

plaintiff's estate has shown no interest in pursuing this action despite repeated opportunities to do so, the undersigned respectfully recommends that the District Court dismiss this case with prejudice.

(citation omitted). The Report and Recommendation also indicated that any objections to the R&R "must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 10 days of service." No such objections have been made. For the reasons set forth below, the Court adopts the R&R and dismisses the instant action pursuant to Rule 41(b), but dismisses without prejudice.

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific, written objection" is made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997).

Rule 41(b) authorizes a district court to "dismiss an action [i]f the plaintiff fails to prosecute or to comply with . . . a court order." *Culton v. N.Y. State Dep't of Corr. Servs.*, No. 07-1427-cv, 2008 U.S. App. LEXIS 23249, at *2-3 (2d Cir. Nov. 10, 2008); *see also Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)); *Lucas v.*

*Miles*, 84 F.3d 532, 535 (2d Cir. 1996) ("[D]ismissal [pursuant to Rule 41(b)] is a harsh remedy and is appropriate only in extreme situations."); *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004) ("Rule [41(b)] is intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload."); *see also Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.*, 133 F.2d 187, 188 (2d Cir. 1943) (citing *Blake v. De Vilbiss Co.*, 118 F.2d 346 (6th Cir. 1941)); *Refior v. Lansing Drop Forge Co.*, 124 F.2d 440, 444 (6th Cir. 1942) ("The cited rule [41(b)] enunciates a wellsettled [sic] concept of practice that a court of equity, in the exercise of sound judicial discretion, has general authority . . . to dismiss a cause for want of diligence in prosecution or for failure to comply with a reasonable order of the court made in the exercise of a sound judicial discretion.").

Courts have repeatedly found that dismissal of an action is warranted when no motion for substitution is made more than ninety days after a suggestion of death is filed. *Waters v. New York Univ. Med. Ctr.*, CV 2004-3174 (ERK) (MDG), 2006 U.S. Dist. LEXIS 96794, at *3-6 (E.D.N.Y. June 13, 2006); *Montalvo v. Quigley*, 144 F.R.D. 21 (E.D.N.Y. 1992). A district court contemplating dismissal of a plaintiff's claim for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b) must consider:

> 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the

court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000); *see, e.g., Lucas*, 84 F.3d at 535; *Jackson v. City of New York*, 22 F.3d 71, 74-76 (2d Cir. 1994). In deciding whether dismissal is appropriate, "[g]enerally, no one factor is dispositive." *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994); *see Peart v. New York*, 992 F.2d 458, 461 (2d Cir. 1993) ("'[D]ismissal for want of prosecution is a matter committed to the discretion of the trial judge . . . , [and] the judge's undoubtedly wide latitude is conditioned by certain minimal requirements.'") (quoting *Merker v. Rice*, 649 F.2d 171, 173-74 (2d Cir. 1981)).

Under the circumstances, all the above-referenced factors favor dismissal of the instant case. More than five months have passed since the suggestion of death was filed with no indication that plaintiff's estate intends to continue this action. Plaintiff's estate has failed to respond to repeated letters regarding this matter. No sanction less than dismissal will alleviate the prejudice to defendants of continuing to keep this action open and the Court needs to avoid calendar congestion and ensure an orderly and expeditious disposition of cases. Therefore, dismissal without prejudice for failure to prosecute and comply with the Court's orders

is clearly warranted.[1]

---

[1] Although the Report and Recommendation suggests that the dismissal should be with prejudice, the docket entry by the Magistrate Judge suggested that the action would "be dismissed for failure to prosecute without prejudice to reopen." Having carefully analyzed the issue, the Court concludes, for the reasons discussed *supra*, that the action should be dismissed for failure to prosecute, but that it should be without prejudice under the circumstances of this case. In particular, as another court has noted, "despite the mandatory language in [Rule 25(a)(1)] that claims against a deceased party must be dismissed if no motion is made within 90 days of a suggestion of death, courts have extended the time to file a motion for substitution both before and after the expiration of the 90-day period." *Waters v. New York Univ. Med. Ctr.*, 2006 U.S. Dist. LEXIS 96794, at *6 (collecting cases). Thus, although the estate's inaction requires dismissal of this lawsuit under Rule 25(a)(1) and Rule 41(b) for failure to prosecute, the Court concludes that such dismissal should be without prejudice under the circumstances after considering all of the factors, rather than with prejudice.

Thus, having conducted a review of the full record and the applicable law, and having reviewed the R&R for clear error, Court adopts the findings and recommendations contained in the R&R and dismisses the plaintiff's complaint without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. The Clerk of the Court is directed to close the case.

SO ORDERED.

_____

JOSEPH F. BIANCO
United States District Judge

Dated: January 30, 2009
Central Islip, New York

* * *

Plaintiff is represented by Christopher K. Collotta, Esq., Rosenberg Musso & Weiner LLP, 26 Court Street, Suite 2211, Brooklyn, New York 11242 and Saul D. Zabell, Esq., Zabell & Associates, P.C., 4875 Sunrise Highway, Suite 300, Bohemia, New York 11716. Defendant is represented by Craig Avedisian, Esq., 60 East 42 Street, 40th Floor, New York, New York 10165.